HURLEY, Judge.
The issue in this case is whether the probate court, without first removing a co-personal representative pursuant to the provisions of Section 733.504, Florida Statutes (1977), may authorize the other personal representative to act without the consent of his co personal representative. We answer in the negative and therefore reverse.
Stella Sternberg Goldner died on July 28, 1977. Her will named her husband, Albert Goldner, and her son, Calvin Sternberg, as her executors and trustees. Thus, upon admitting the will to probate, the court appointed Albert Goldner and Calvin Stern-berg to serve as co personal representatives of the estate. It seems, however, that Goldner and Sternberg were unable to agree on the sale of certain assets, particularly three pieces of jewelry, and so, Gold-ner filed a petition to remove Sternberg as a co-personal representative. The record does not disclose why, but this petition was not ruled upon by the court.
*335 Next, Goldner filed a pleading styled, “petition for partition and authorization to act alone without consent of co-personal representative.” Therein he alleged that he and Sternberg were residuary devisees and entitled to distribution of undivided interests in three pieces of jewelry. He claimed that the jewelry could not be partitioned and therefore, had to be sold. He further stated that Sternberg would not agree to the sale and thus, Goldner requested authorization to act alone. After an evidentiary hearing, the trial court entered the following order:
The Petition for Authority to Act Without Consent of Co-Personal Representative is granted and ALBERT GOLDNER, one of the Co-personal Representative’s of this Estate, is authorized to exercise the authority granted to personal representatives in Article Ninth of the Last Will and Testament of STELLA STERNBERG GOLDNER without the consent, concurrence or agreement of CALVIN J. STERNBERG, the other Co • personal Representative of this Estate.
As one of the beneficiaries of the property, Goldner was a proper party to file for partition under Section 733.814, Florida Statutes (1977). The statute, however, limits the court to two options: (1) partition the property, or (2) order the personal representative^) to sell any property which cannot be partitioned. Since the jewelry in question fell into the second category, the court was authorized to direct its sale, but it was not empowered to authorize such action by less than all of the personal representatives.
Section 733.615, Florida Statutes (1977), specifies in pertinent part:
If two or more persons are appointed joint personal representatives, and unless the will provides otherwise, the concurrence of all is required on all acts connected with the administration and distribution of the estate.
Moreover, paragraph ten of Mrs. Goldner’s will indicates that she anticipated possible difficulties in reaching agreement and therefore provided that:
In the event they [her husband and son] cannot agree, I authorize them to select a third Executor and/or Trustee preferably my attorney, HAROLD J. CONNER.
While the probate court might have achieved the same end result by directing the sale of the jewelry pursuant to Section 733.814, Florida Statutes (1977), and subsequently, if Sternberg refused to comply, removing him under Section 733.504(3), Florida Statutes (1977),[1] the action, as taken, was both unauthorized by statute and contrary to the express provisions of the will. As such, it cannot be upheld. Accordingly, the cause is REVERSED and REMANDED for further proceedings consistent with this opinion.
*336 GLICKSTEIN, J., concurs.
ANSTEAD, J., dissents without opinion.

. Section 733.504 sets forth the causes for removal of a personal representative. It specifies that:
A personal representative may be removed and his letters revoked for any of the following causes, and the removal shall be in addition to any penalties prescribed by law:
(1) Adjudication of incompetency.
(2) Physical or mental incapacity rendering him incapable of the discharge of his duties.
(3) Failure to comply with any order of the court, unless the order has been superseded on appeal.
(4) Failure to account for the sale of property or to produce and exhibit the assets of the estate when so required.
(5) The wasting or maladministration of the estate.
(6) Failure to give bond or security for any purpose.
(7) Conviction of a felony.
(8) Insolvency of, or the appointment of a receiver or liquidator for, any corporate personal representative.
(9) The holding or acquiring by the personal representative of conflicting or adverse interests against the estate that will or may adversely interfere with the administration of the estate as a whole. This cause of removal shall not apply to the surviving spouse because of the exercise of the right to the elective share, family allowance, or exemptions, as provided elsewhere in this code.
(10) Revocation of the probate of the decedent’s will that authorized or designated the appointment of such personal representative.
(11) Removal of domicile from Florida, if the personal representative is no longer qualified under part III of this chapter.