397 So.2d 1216 (1981)
Jerry R. GEISLER, Appellant,
v.
Sheila Sue GEISLER, Now Known As Sheila Sue Newcomb, Appellee.
No. 81-33.
District Court of Appeal of Florida, Second District.
May 8, 1981.
*1217 Clifford M. Ables, III, of Hancock & Ables, P.A., Sebring, for appellant.
No appearance for appellee.
RYDER, Judge.
Jerry R. Geisler appeals the order granting immediate custody of the parties' minor children to appellee Sheila Sue Geisler. We reverse.
Appellee moved on December 15, 1980 for enforcement of the terms of an Ohio divorce decree. The motion alleged that a copy of the decree awarding appellee custody of the parties' children had been filed with the Thirteenth Judicial Circuit Court Clerk, that appellant had physical possession of the children and that appellant had refused to deliver them to appellee. Appellee alleged that she was entitled to have the foreign decree enforced under the provisions of section 61.1332, Florida Statutes (1979).
On December 15, 1980, the judge below entered an order giving full force and effect to the Ohio decree, directing that custody be delivered to appellee, and ordering all sheriffs to assist appellee in execution. No notice was given to appellant. The order was signed on the same day the motion was filed and the certificate of service on the motion indicated service to appellant by mail.
Section 61.131, Florida Statutes (1979), provides that "before a decree is made under this act, reasonable notice and opportunity to be heard shall be given to the contestants... ." Section 61.1306(4) defines "decree" as "a custody determination contained in a judicial decree or order made in a custody proceeding... ." After studying the record and brief of appellant,[1] we hold that the order below directing delivery of custody to appellee was a decree and that reasonable notice to appellant was required before entry. See Alarcon v. Alarcon, 370 So.2d 105 (Fla. 3d DCA 1979).
We reverse the order below and remand for a full hearing with proper notice to appellant. Until that hearing is held, we direct that the parties be returned to their prior position so that appellant has physical custody of the minor children.
OTT, Acting C.J., and CAMPBELL, J., concurs.
NOTES
[1] We note with disdain that appellee failed to file a brief in this proceeding. Failure to file a brief places an undue burden on the appellate court and reflects an omission of appellee's responsibility to support the trial court. If the ruling of the trial court is not worthy of support, then appellee ought to confess error and join with the appellant in seeking a reversal.