OTT, Acting Chief Judge.
Upon the death of Santa Mirabella, her son Sebastian and her daughter Constance Scionti, two of Santa’s seven surviving children, were appointed personal representatives of her substantial estate. On the last day of the statutory period for doing so, Constance filed a claim to title to the family home or, alternatively, $50,000, based on an alleged oral “life-care” contract.
The matter of Constance’s claim had been the subject of discussion ever since the probate proceeding was initiated. The heirs were divided on the issue of her entitlement. Sebastian, Constance’s brother and co-representative, favored the claim. Appellant and some of the other heirs did not.
The day before the claim was filed appellant’s attorney, Spicola, called Boggs, the attorney representing the co-representatives, Constance and Sebastian, in the probate proceedings. Spicola inquired whether Constance had filed her claim. Receiving a negative response, Spicola urged Boggs to let him know promptly if a claim should be filed. Boggs advised Spicola that if Constance did file a claim against the estate the probate court would be required to appoint an administrator ad litem under section 733.308, Florida Statutes, and probate rule 5.120, and the time for objecting to the claim would be tolled until the court did so.
The next day Constance visited the office of her personal attorney and signed her claim, which her attorney then filed in the clerk’s office. The claim is on a standard form prepared by or at the recommendation of The Florida State Bar, but there was one significant alteration. In the lower left corner, which contains a space for the clerk’s statement of the date on which a copy of the claim is mailed to the attorney for the personal representative of the estate, the word “attorney” was scratched out. As a consequence, Boggs never received a copy of the claim. The copy was sent to Constance’s co-representative, Sebastian, but he did not mention that fact to Boggs until after the time for objecting to the claim had expired.
Appellant learned of the filing of the claim after the time for filing objections had run. Nevertheless, she proceeded to file her formal objection. Constance, in her *531 individual role as claimant, moved to strike the objection as untimely. Appellant then filed a motion, under section 733.705(3), Florida Statutes, for an extension of time within which to file an objection to the claim. The record does not reveal a specific ruling on that motion, other than the denial implicit in the order made by the court on June 2, striking the objection to the claim and observing, inter alia, that good cause for an extension had not been shown.
On June 11 appellant filed a motion for rehearing and on July 1 she filed a motion for the appointment of an administrator ad litem. On July 2, which was the last day for filing an appeal from the June 2 order, the court (1) continued the hearing on appellant’s motion for rehearing and (2) signed a nunc pro tunc order formally declaring the proceeding adversary in nature from the outset. Appellant’s motion for rehearing was denied July 22 and her motion for the appointment of an administrator ad litem was denied July 31. On August 20 appellant filed an appeal of the June 2 order striking her objection to the claim and two days later Constance filed a cross appeal of the nunc pro tunc order on July 2, certifying the adversary nature of the proceedings.
TIMELINESS OF APPEAL
Before addressing the merits of the appeal, we will consider appellee’s threshold contention that the appeal was not timely and should be dismissed. Resolution of that issue hinges on the propriety of the nunc pro tunc order signed July 2, declaring that the controversy over the claim had been adversary in nature at all times since the claim was initially filed.
The significance of that order is that until January 1, 1981, the Florida Rules of Probate and Guardianship Procedure contained no provision for motion for rehearing. Consequently, the time to appeal a probate order was tolled by such a motion, under rule 9.020(g), Florida Rules of Appellate Procedure, in only those proceedings determined to be “adversary” and thus governed by the Florida Rules of Civil Procedure. Fla.R.P. & G.P. 5.025. Appellee concedes the right of the court below to make such an order, but challenges the right of the court to give it retroactive effect. Specifically, appellee argues that substantial rights are affected by such an order, and thus it must be in effect at least as early as the motion for rehearing. Otherwise, asserts appellee, the illegal motion is void for all purposes and cannot be given vitality by a subsequent determination that the proceeding was, at the earlier date, adversary in nature.
We see no infirmity in the order in question. The rule permitting it contains no limitation on when it may be entered, and thus we are left with only the traditional considerations of due process and basic fairness. We do not agree with appellee that her substantive rights were impermissibly infringed by the order. Its sole effect was to extend the date by which an appeal from the order of June 2 would have to be filed. It was made within the unextended time for appeal from that earlier order. Parallels can easily be drawn to extensions of statutes of limitation, which are considered free of “ex post facto” taint if made before the expiration of the statutory period in effect when the cause of action arose. United States v. Richardson, 512 F.2d 105, 106 (3d Cir. 1975); Reino v. State, 352 So.2d 853, 861 (Fla.1977).
It would be different, of course, if some attempt were being made to revamp the procedural rules and then fault one of the parties for noncompliance with the hindsight standards. That is not the situation here, however. We think appellee was not really prejudiced by the nunc pro tunc[1] order, because had the court refused to make it appellant would simply have filed her notice of appeal that day.
*532 We believe the appeal was timely filed, and therefore we reject appellee’s assertion that it should be dismissed.
TIMELINESS OF OBJECTION TO THE CLAIM
Appellant contends that her objections to the claim were timely filed because the statutory period for filing such objection was tolled when Constance, one of the joint representatives, filed a personal claim against the estate which had been entrusted to her care. We agree.
When the executor or administrator of an estate files a personal claim against the estate, the probate court must appoint an administrator ad litem, and the time for filing objections to that claim is tolled until the court does so. In re Shambow’s Estate, 5 So.2d 454 (Fla.1942); Estate of Verdier, 281 So.2d 543 (Fla.2d DCA 1973); Edmonson v. Frank J. Rooney, Inc., 171 So.2d 566 (Fla.3d DCA 1965). Appellee concedes that rule, but argues that it applies only where there is but one personal representative. She relies upon a California case, but it must be noted that the California Probate Code[2] specifically provides that when one of two or more representatives of an estate is disqualified to act in a matter concerning the estate, the remaining representative or representatives are fully empowered to act alone. In Florida, however, multiple representatives must act in concert, and have no authority to act independently, regardless of the circumstances. § 733.615, Fla.Stat. Consequently, we think the Shambow rule governs, irrespective of the number of personal representatives, and this would be particularly true in circumstances such as those at bench, where there is a close relationship between the representatives and they are of a like mind regarding the merit of the claim.
The order of June 2, 1980, striking appellant’s objection to Constance’s claim, is REVERSED and the case is REMANDED to the court below for further proceedings consistent with this opinion.
RYDER and DANAHY, JJ., concur.

. Since the court chose to make a “nunc pro tunc” order, we are not called upon to determine whether it was necessary for the court to do so. As previously noted, rule 5.025 does not specify just when the order should be made. “As early as possible” would seem to be the practical answer, but a later determination, such as the one under review, would conceivably have retroactive effect even without specifically directing it.

. California Probate Code, § 570.