SCHEB, Judge.
On March 24,1983, Eduardo Imery filed a suit alleging that he was entitled to custody of his two minor children by virtue of a Venezuelan court order. At that time the children were in Pinellas County in physical custody of their mother, Susana Imery.
Immediately after the filing of the complaint, the trial judge entered an ex parte order awarding temporary exclusive custody to the father. Armed with this order the father demanded and received custody of the children from the school they were attending.
The mother subsequently received notice to show cause why the father’s custody should not be made permanent. She appeared with counsel on March 28 and pointed out to the trial court that the temporary order was entered without notice contrary to section 61.131, Florida Statutes (1981), and such lack of notice was a denial of her right of due process of law. The trial judge immediately rescinded the order but refused the mother’s demand to restore physical custody of the children to her. Since the father had physical custody of the children, he proceeded to voluntarily dismiss his peti *342 tion, and the court entered an order of dismissal. This appeal ensued.[1]
Once the court realized that it had erroneously permitted the father to obtain temporary custody, it was obligated to restore the physical custody of the children to the mother. Geisler v. Geisler, 397 So.2d 1216 (Fla. 2d DCA 1981). The court’s failure to order such restoration of custody upon demand of the mother constituted error.
We remand and direct the trial court to enter an order restoring physical custody of the children to the mother. Such restoration, of course, is without prejudice to the parties’ rights to continue to litigate the right of temporary and permanent custody.
HOBSON, A.C.J., and LEHAN, J., concur.

. Although styled as a plenary appeal, we treat this case as an appeal from a nonfinal order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii).