ON MOTION TO DISMISS
PER CURIAM.
Appellant, in his capacity as co-personal representative of the estate of Austin Pearce, seeks to appeal an order revoking probate of a will, dated September 8, 1980. We decline to reach the merits because we discern a deficiency in appellant’s ability to prosecute this appeal.
Appellant filed the notice of appeal without obtaining the concurrence of the co-personal representative, Juanell P. Peeples. Appellee Peeples has challenged this unilateral action by filing a motion to dismiss or quash the appeal. She claims that appellant’s unilateral action contravenes section 733.615, Florida Statutes (1983), which provides that:
If two or more persons are appointed joint personal representatives, and unless the will provides otherwise, the concurrence of all is required on all acts connected with the administration and distribution of the estate. This restriction does not apply when any joint personal representative receives and receipts for property due the estate, when the concurrence of all cannot readily be obtained in the time reasonably available for emergency action necessary to preserve the estate, or when a joint personal representative has been delegated to act for the others.
Since none of the exceptions noted in the statute is applicable in this case, appellant may not act alone. See Messina v. Scionti, 406 So.2d 529 (Fla.2d DCA 1981). Nonetheless, at this time, we decline to dismiss the appeal. Rather, we relinquish jurisdiction to the trial court to conduct an eviden-tiary hearing to determine whether appel-lee’s refusal to join in this appeal constitutes cause for her removal pursuant to section 733.504, Florida Statutes (1983).[1] *723 Should the trial court find cause for removal, appellant would be authorized to proceed with this appeal. Cf. In re Estate of Goldner, 389 So.2d 334 (Fla. 4th DCA 1980). In any event, we respectfully request that the trial court furnish us with a copy of the order entered on remand.
REMANDED WITH INSTRUCTIONS.
HURLEY, DELL and WALDEN, JJ., concur.

. Section 733.504, Florida Statutes (1983), provides:
Causes of removal of personal representative. —A personal representative may be removed and his letters revoked for any of the following causes, and the removal shall be in addition to any penalties prescribed by law:
(1) Adjudication of incompetency.
(2) Physical or mental incapacity rendering him incapable of the discharge of his duties.
(3) Failure to comply with any order of the court, unless the order has been superseded on appeal.
(4) Failure to account for the sale of property or to produce and exhibit the assets of the estate when so required.
(5) The wasting or maladministration of the estate.
(6) Failure to give bond or security for any purpose.
*723 (7) Conviction of a felony.
(8) Insolvency of, or the appointment of a receiver or liquidator for, any corporate personal representative.
(9) The holding or acquiring by the personal representative of conflicting or adverse interests against the estate that will or may adversely interfere with the administration of the estate as a whole. This cause of removal shall not apply to the surviving spouse because of the exercise of the right to the elective share, family allowance, or exemptions, as provided elsewhere in this code.
(10) Revocation of the probate of the decedent’s will that authorized or designated the appointment of such personal representative.
(11) Removal of domicile from Florida, if the personal representative is no longer qualified under part III of this chapter.