616 So.2d 482 (1993)
SOUTHEAST CAPITAL FINANCING INC., a Florida corporation; Fu Sheng Industrial Co., Ltd., a corporation organized under the laws of the Republic of China, and Purifiner Distribution Corp., an Illinois corporation, Appellants/Cross-Appellees, and
Robert Malt, Appellant/Cross-Appellant,
v.
T/F SYSTEMS, INC., a Delaware corporation, Appellee.
No. 91-2650.
District Court of Appeal of Florida, Fourth District.
March 3, 1993.
Rehearing, Clarification and Rehearing Denied April 28, 1993.
Delmer C. Gowing, III, Roseanna J. Lee and James B. Putney of Honigman Miller Schwartz and Cohn, West Palm Beach, for appellants/cross-appellees.
Pamela M. Lund of Joseph S. Karp, P.A., West Palm Beach, for appellant/cross-appellant.
Jack Scarola of Searcy Denney Scarola Barnhart & Shipley, P.A., and Edna L. Caruso and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellee.
Rehearing, Clarification and Rehearing En Banc Denied April 28, 1993.
PER CURIAM.
We reverse as to Malt's second point on cross appeal and affirm as to all other issues.
T/F Systems, Inc. filed suit against Purifiner Distributing Corp. and Malt for relief concerning T/F Systems' right to manufacture and market Purifiner products. Malt counterclaimed for declaratory and injunctive relief concerning Malt's ownership of, and right to use, the patents and trademark. Malt also sought damages against T/F Systems for manufacturing, distributing and marketing products without paying Malt a 5% royalty. Malt also filed a crossclaim against Purifiner, for declaratory relief concerning Malt's right to use and ownership of the patents and trademark, for injunctive relief, and for damages.
There was no abuse of discretion in the trial court's finding that T/F Systems held the exclusive, worldwide right to manufacture and market certain products. T/F Systems was contractually obligated to pay Malt a 5% royalty on the products which it manufactured and sold.
The trial court also found that Purifiner improperly manufactured and marketed the products without Malt's permission. However, the trial court did not order Purifiner to pay Malt a 5% royalty. The trial court's order is reversed and remanded with instructions to order Purifiner to account to Malt for the products manufactured and sold in violation of Malt's rights, and to pay Malt a 5% royalty on the same.
We comment on Appellants' claim that the trial court erred in awarding injunctive relief to stop Purifiner from manufacturing and selling the products. Appellants claim that the trial court should not have awarded such relief because T/F did not request that specific relief in its pleadings.
The trial court acted within its discretion in awarding injunctive relief since Malt requested such relief in his pleadings. The record reflects no basis for concluding, as a matter of law, that the trial court was required to stay the otherwise valid cease and desist provisions of the judgment. In any event, the Appellants have waived their argument that Malt abandoned his *483 claim for injunctive relief, as they raised this argument for the first time in their reply brief. See Mestre Rental Co. v. Resources Recovery, Inc., 568 So.2d 1344, 1345 (Fla. 3d DCA 1990).
We affirm in part and reverse and remand in part with respect to the omission of a provision in the trial court's decision requiring Purifiner to pay the 5% royalty to Malt.
GUNTHER and STONE, JJ. and MOE, LEROY H., Associate Judge, concur.