925 So.2d 448 (2006)
Luciano MARTINEZ, M.D. and Leon & Martinez, M.D., P.A., Appellants,
v.
Christopher T. IPOX and Rebeca Ipox, personal representatives of the Estate of Christopher Ipox, a minor, Appellees.
No. 2D04-4544.
District Court of Appeal of Florida, Second District.
April 7, 2006.
Rafael E. Martinez, Michelle M. Perez-Sotolongo, and Mary Jaye Debari of McEwan, Martinez & Dukes, P.A., Orlando, for Appellants.
*449 Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach; George A. Vaka of Vaka, Larson & Johnson, P.L., Tampa; and Karen E. Terry and John A. Shipley of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for Appellees.
CANADY, Judge.
Dr. Luciano Martinez and his professional association (appellants) appeal a trial court order awarding attorneys' fees and costs to Mr. and Mrs. Ipox (appellees) in a wrongful death action. Because it was predicated on an invalid demand for judgment, we reverse the award of attorneys' fees. We affirm the award of costs.
Appellees, in their individual capacities, originally filed a medical malpractice action against appellants based on injuries the appellees' child, Christopher Ipox, Jr., received during birth. The child was also named as a plaintiff. Subsequently the child died, and on January 22, 2002, the complaint was amended to state a wrongful death cause of action and to reflect appellees as plaintiffs in their capacities as joint personal representatives of their child's estate. After a jury trial, appellees were awarded a judgment of $2.3 million against appellants.
Appellees moved for attorneys' fees and costs based on an August 12, 2002, proposal for settlement filed by Rebeca Ipox in her individual capacity. They also sought costs under the prevailing party costs statute. The trial court granted the motion and awarded appellees attorneys' fees in the amount of $410,300 and costs in the amount of $193,649.54.
On appeal, appellants contend that only the personal representative is authorized to settle the claims in a wrongful death action. Appellants further argue that because the proposal for settlement was not made in Rebeca Ipox's capacity as co-personal representative and on behalf of both joint representatives, the proposal was invalid. Appellants rely on Saia Motor Freight Line, Inc. v. Reid, 888 So.2d 102 (Fla. 3d DCA 2004), in support of their argument.
A wrongful death "action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death." § 768.20, Fla. Stat. (2001). "This action covers all damages of the decedent's survivors and the estate. . . ." Thompson v. Hodson, 825 So.2d 941, 949 (Fla. 1st DCA 2002).
In Reid, the Third District considered whether a demand for judgment submitted by only one co-personal representative was valid in a wrongful death action. The court recognized that under section 768.79, Florida Statutes (2004), "[a] valid [demand for] judgment must be served by the party plaintiff."[1] 888 So.2d at 103. The court also recognized that under section 768.20 "the personal representative is the only party plaintiff permitted to bring a wrongful death suit on behalf of the survivors." Id. The court found that the demand for judgment filed by the individual co-personal representative was an attempt "to settle his survivor claim" because "the joint personal representatives did not serve the [demand for] judgment." Id. "The requirement that one legal action be filed to recover for all of the survivors cannot logically *450 permit the individual co-personal representatives to settle the case separately." Id. The court concluded that the "[demand for] judgment filed by Reid as a copersonal representative and individual survivor is an invalid, non-binding [sic] [demand for] judgment." Id. The court reversed "the fee award based thereon." Id. at 104.
We agree with the holding in Reid. We accordingly conclude that the trial court erred in granting appellees' motion for attorneys' fees based on the proposal for settlement filed by Rebeca Ipox in her individual capacity. In a wrongful death case where there are joint personal representatives, the joint personal representatives are the party plaintiffs. As the party plaintiffs, only the joint personal representativesacting in that capacity are entitled to make a valid demand for judgment. The demand for judgment at issue here therefore was invalid. See §§ 768.20, 768.79, Fla. Stat. (2001); Reid, 888 So.2d at 103.
Appellees claim that Rebeca Ipox's act in serving her proposal for settlement should be deemed to be the act of both joint personal representatives. This argument is totally unwarranted. The proposal for settlement expressly stated that it was made by Rebeca Ipox in her individual capacity. The proposal thus could not be deemed to be made by Rebeca Ipox in her capacity as co-personal representative, much less made on behalf of the other co-personal representative. But even if the proposal had been made by Rebeca Ipox in her capacity as a personal representative, it would have been ineffective. Section 733.615(1) provides that "the concurrence of all joint personal representatives appointed. . . is required on all acts connected with the administration and distribution of the estate." Section 733.615 provides that "multiple representatives must act in concert, and have no authority to act independently, regardless of the circumstances." Messina v. Scionti, 406 So.2d 529, 532 (Fla. 2d DCA 1981). See also Costello v. Davis, 890 So.2d 1179 (Fla. 2d DCA 2004) (holding that one co-personal representative did not bind the other co-personal representative to a contingent fee agreement with counsel because the other co-personal representative did not join in the agreement); Pearce v. Foster, 454 So.2d 721 (Fla. 4th DCA 1984) (holding that a co-personal representative could not unilaterally file a notice of appeal without concurrence of the other co-personal representative). In addition, there was no evidence that Rebeca Ipox had been delegated to act on behalf of the other co-personal representative. See § 733.615(1) (providing that concurrence of all joint personal representatives is not required "when a joint personal representative has been delegated to act for the others").
Because the proposal for settlement that served as the basis for the award of attorneys' fees in this case was not served by both the Ipoxes as joint personal representatives, the trial court erred in relying on it. Therefore, we reverse the award of attorneys' fees.
However, we affirm the award of costs. In their reply brief, appellants argue that the award of costs should be reversed because the trial court liberally awarded costs based on the invalid proposal for settlement. This issue was waived because it was first raised in the reply brief. See Plichta v. Plichta, 899 So.2d 1283 (Fla. 2d DCA 2005); Se. Capital Fin. Inc. v. T/F Sys., Inc., 616 So.2d 482 (Fla. 4th DCA 1993). Even if the issue had not been waived, appellants have not demonstrated that the award of costs was not proper under the prevailing party costs statute, section 57.041(1), Florida Statutes (2001), which appellees relied upon in their *451 motion for costs and which provides that "[t]he party recovering judgment shall recover all his or her legal costs and charges."
Affirmed in part; reversed in part.
VILLANTI and LaROSE, JJ., Concur.
NOTES
[1] The Reid court refers to the proposal for settlement by the plaintiffs in that case as an "offer of judgment." 888 So.2d at 103. However, both the 2004 version (applicable in Reid) and the 2001 version (applicable in this case) of section 768.79 refer to a proposal by a plaintiff as a "demand for judgment."