WALLACE, Judge.
The appellants, Mihevic Management, Inc., a Florida corporation (MMI), and Edward L. Mihevic, Jr., were defendants in the trial court in an action brought against them by the appellee, The Gardens Homeowners’ Association, Inc., a Florida not-for-profit corporation (the Association). The Association brought the action under the provisions of the Florida Mobile Home Act, chapter 723, Florida Statutes (2003) (the Act). MMI and Mr. Mihevic requested attorney’s fees under section 723.068 of the Act. With an exception not material here, section 723.068 provides: “[I]n any proceeding between private parties to enforce provisions of this chapter, the prevailing party is entitled to a reasonable attorney’s fee.” “[T]he language in section 723.068 is mandatory, and ... if there is a ‘prevailing party,’ the court must award attorney’s fees.” Vidibor v. Adams, 509 So.2d 973, 974 (Fla. 5th DCA 1987).
In its final judgment, the trial court declared that “each party [had] prevailed on certain issues.” In accordance with this finding, the trial court ordered that “each party should be responsible for its own attorney[’s] fees and costs.” The Association took an appeal from the final judgment, and MMI and Mr. Mihevic filed a notice of cross-appeal. This court dismissed the Association’s appeal because of its failure to file a brief, and we redesig-nated MMI and Mr. Mihevic as appellants.
On the redesignated cross-appeal, MMI does not challenge the denial of its request for attorney’s fees and costs. But Mr. Mihevic argues persuasively that “[b]y any measure he was the prevailing party vis-a-vis the Association under Section 723.068.”[1] After a careful review of the record and the trial court’s judgment, we agree. Mr. Mihevic was entitled to an award of his attorney’s fees under the statute. In addition, Mr. Mihevic was entitled to the recovery of his court costs under section 57.041, Florida Statutes (2003).
For these reasons, we reverse the final judgment to the extent that it determined that Mr. Mihevic was not entitled to recover his attorney’s fees and court costs, and we remand for further proceedings on that issue. In all other respects, the final judgment is affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings.
FULMER and DAVIS, JJ., Concur.

. Although it was the Association that initiated this appellate proceeding, it did not submit an answer brief on the redesignated cross-appeal. As this court has noted before: “Failure to file a brief places an undue burden on the appellate court and reflects an omission of appellee’s responsibility to support the trial court. If the ruling of the trial court is not worthy of support, then appellee ought to confess error and join with the appellant in seeking a reversal.” Geisler v. Geisler, 397 So.2d 1216, 1217 n. 1 (Fla. 2d DCA 1981).