WALLACE, Judge.
Claudia Passamondi (the Former Wife) challenges the trial court’s order dismissing her claims for the determination of property issues in a bifurcated dissolution of marriage proceeding. The dismissal followed the death of Anthony Passamondi (the Former Husband). Because the trial court erred in determining that it lacked jurisdiction because of the death of the Former Husband, we reverse and remand for further proceedings.
I. THE FACTS AND PROCEDURAL BACKGROUND
The Former Husband and the Former Wife were married in 1988. In January 2006, the Former Husband filed a petition seeking the dissolution of the parties’ marriage. The Former Wife answered the petition and counter-petitioned for dissolution of the marriage and for other relief.
When the Former Husband filed his petition, he was suffering from a terminal illness. For this reason, he filed a motion requesting a bifurcation of the proceedings. The trial court granted the motion. On May 24, 2006, the trial court entered a final judgment dissolving the parties’ marriage. In the final judgment, the trial court specifically “reserve[d] jurisdiction over this cause and each of the parties to enter such further Orders, Judgments, and Decrees as may be necessary at any time in the future to resolve all equitable distribution issues and any other issues which have been pled.”
The Former Husband died on July 26, 2006. One of the Former Husband’s three children, Steve Dominic Passamondi, filed a petition for the administration of the Former Husband’s estate in the Collier County Circuit Court. The probate court granted the petition and appointed Steve Dominic Passamondi as the personal representative of his father’s estate. The Former Wife filed a claim in the probate estate on October 24, 2006. The Former Wife described the basis for her claim as her “undetermined marital interest in all of the real, personal and intangible property of decedent preceding his death as so determined in” the pending dissolution of marriage proceeding.
*738 The Former Wife also filed a supplemental petition for relief in the dissolution of marriage proceeding against the Former Husband’s estate and his three children, Steve Dominic Passamondi, Edward Frank Passamondi, and Stephanie Cuebas. These additional parties filed answers to the Former Wife’s supplemental petition. After the passage of approximately four years, the circuit court set all pending matters in the dissolution of marriage proceeding for a final hearing on October 17, 2011. In the meantime, on May 17, 2011, the probate court entered an order terminating the probate proceeding.[1]
When the parties appeared for the final hearing, the trial court declined to hear and to determine the remaining issues. In a written order, the trial court memorialized its ruling, in pertinent part, as follows:
H. That by virtue of the death of the Former Husband and the opening of a Probate Estate for him, the Probate Court was vested with exclusive control over the Former Husband’s assets and the Probate Court had exclusive jurisdiction to determine the proper manner of distribution of the Former Husband’s assets after payment of all creditors of the Estate of which the Former Wife was one....
Based on this ruling, the trial court concluded that it did not have jurisdiction to hear and to determine the claims of the Former Wife. Accordingly, the trial court dismissed the Former Wife’s claims. The Former Wife filed a motion for rehearing and cited case law in support of her position that the trial court did have jurisdiction to hear and to determine her claims. The trial court denied the motion without explanation. This appeal followed.
II. DISCUSSION
We begin our discussion by noting that the appellees have not seen fit to favor this court with a brief. As this court has previously observed concerning the failure of an appellee to file a brief in support of the trial court’s order or judgment:
Failure to file a brief places an undue burden on the appellate court and reflects an omission of appellee’s responsibility to support the trial court. If the ruling of the trial court is not worthy of support, then appellee ought to confess error and join with the appellant in seeking reversal.
Geisler v. Geisler, 397 So.2d 1216, 1217 n. 1 (Fla. 2d DCA 1981). We turn now to the merits.
If a trial court bifurcates a proceeding for dissolution of marriage by entering a judgment dissolving the marriage but retaining jurisdiction to determine property issues, the subsequent death of a party does not deprive the trial court of jurisdiction to determine the issues reserved. See Fernandez v. Fernandez, 648 So.2d 712, 714 (Fla.1995). In this case, the trial court had entered a final judgment dissolving the parties’ marriage and retaining jurisdiction to determine all other issues before the death of the Former Husband. Therefore, the trial court incorrectly concluded that it did not have jurisdiction to hear and to determine the Former Wife’s claims. It follows that the trial court’s dismissal of the Former Wife’s re *739 maining claims constituted error. For this reason, we reverse the trial court’s order and remand this case to the trial court for further proceedings.
Reversed and remanded.
BLACK, J., Concurs.

. The probate proceedings are not included in our record. Thus we are unable to determine with certainty why the probate court closed the proceedings for the administration of the Former Husband's estate. However, the Former Wife stated in a pleading filed in the proceeding for dissolution of marriage that "the Probate matter was terminated without any action taken with respect to the claim of Claudia Passamondi. It appears that the termination of the action was done because of the failure of the Administrator to take any further action.”